**UNITED STATES of America,**
**Appellee,**

v.

**Hubert RUFF, Appellant.**

**No. 07–3755.**

United States Court of Appeals,
Eighth Circuit.

Submitted: April 7, 2009.

Filed: April 10, 2009.

Michael P. Norris, U.S. Attorney's Office, Omaha, NE, for Appellee.

David R. Stickman, Federal Public Defender's Office, for Appellant.

Hubert Ruff, Leavenworth, KS, pro se.

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

**PER CURIAM.**

Hubert Ruff appeals the sentence the district court[1] imposed after revoking his supervised release. He argues that the court abused its discretion by imposing a term of imprisonment that was unreasonable and excessive, and that the court made an error of judgment in balancing the factors under 18 U.S.C. § 3553(a).

After reviewing the record, we conclude that the district court did not abuse its

---

1. The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

discretion. First, the 18–month prison term imposed by the court was below the relevant statutory maximum. *See* 18 U.S.C. § 3583(e)(3) (for Class A felony, maximum term of imprisonment upon revocation of supervised release is 5 years). Second, the district court appropriately considered factors under 18 U.S.C. § 3553(a), including the applicable advisory Guidelines range. *See Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007) (review standard); *United States v. Miller*, 557 F.3d 910, 915–16 (8th Cir.2009) (court reviews district court's revocation sentencing decision using same standards applied to initial sentencing decisions); *United States v. Nelson*, 453 F.3d 1004, 1006 (8th Cir.2006) (appellate court reviews revocation sentence to determine whether it is unreasonable in relation to, inter alia, advisory Guidelines range and other § 3553(a) factors); *see also United States v. Todd*, 521 F.3d 891, 897 (8th Cir.2008) (in imposing sentence, district court need not mechanically recite § 3553(a) factors, especially when applying advisory Guidelines range). Third, Ruff's sentence within the advisory range is presumptively reasonable, *see United States v. Perkins*, 526 F.3d 1107, 1110 (8th Cir.2008), and we see no strong reasons that required a non-guidelines sentence.

Accordingly, we affirm.